1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| MYKAL S. RYAN, | CASE NO. 10-CV-1092 JLS (WVG) |
|---|---|
| Plaintiff, | **ORDER: GRANTING DEFENDANT'S MOTION TO DISMISS** |
| vs. | |
| TIMOTHY M. HYDEN, | (Doc. No. 3) |
| Defendant.[1] | |

Presently before the Court is Defendant's motion to dismiss for improper venue or, in the alternative, transfer for improper venue.  (Doc. No. 3.)  Also before the Court are Plaintiff's opposition and Defendant's reply.  (Doc. Nos. 11, 12.)  Having fully considered the parties' arguments and the law, the Court **GRANTS** Defendant's motion to dismiss for improper venue.

## BACKGROUND

Plaintiff filed this pro se complaint on May 20, 2010.[2]  (Doc. No. 1 (Compl.).)  The gravamen

---

[1]  Defendant is named in both his individual capacity and in his capacity as trustee for the John and Christy Ryan Family Trust.  (*See* Doc. No. 1 (Compl.) ¶¶ 2–3.)

[2]  The Court notes that Plaintiff has filed three complaints in this District that all appear to arise from the same set of operative facts.  *See Ryan v. Hyden*, Case No. 10-CV-1206 MMA (WVG); *Ryan v. Quick*, Case No. 10-CV-1326 MMA (WMc).  Plaintiff named Mr. Hyden a defendant in a separate complaint, and Mr. Hyden moved to dismiss that action for improper venue.  *See Ryan v. Hyden*, Case No. 10-CV-1206 MMA (WVG) (Doc. No. 3.).  Judge Anello granted Mr. Hyden's unopposed motion.  *Id.* (Doc. No. 6.)

10cv1092

of Plaintiff's complaint is that Defendant directed Lee M. Quick[3] to access Plaintiff's personal computer and retrieve Plaintiff's financial and personal information. (*See id.* ¶¶ 22–25.) Defendant allegedly used Plaintiff's personal information to contact third parties and "spread false factual information" about him, which ultimately caused Plaintiff's "Top Secret/Sensitive Compartmented Information (TS/SCI) clearance" to be suspended. (*Id.* ¶¶ 25–27.) Plaintiff asserts claims for violation of federal and state law, and for intentional infliction of emotional distress and defamation.[4] (*Id.* ¶ 28–56.)

The events alleged in Plaintiff's complaint took place in Contra Costa County and Alameda County, California, and York County, Virginia. (*See* Hyden Decl. ¶ 6; Compl. ¶ 18–27.) Defendant is a practicing attorney with his principal place of business in Contra Costa County, California. (Hyden Decl. ¶¶ 3, 6.) All of Defendant's acts, including his retention of Mr. Quick, were initiated from Defendant's business office in Contra Costa County, California. (*Id.* ¶¶ 6, 8.)

Defendant now moves for an order dismissing Plaintiff's complaint for improper venue or, in the alternative, transferring this matter to the Northern District of California. (Doc. No. 3.)

## LEGAL STANDARD

Under 28 U.S.C. § 1391(b),

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

A defendant may raise the defense of improper venue by way of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(3). Once a defendant challenges venue, the plaintiff bears the

---

[3] Defendant retained Mr. Quick in his capacity as a Special Commissioner for the York County Circuit Court to sell property belonging to Plaintiff to satisfy California and Arizona state court judgments against Plaintiff. (*See* Compl. ¶¶ 18–20; *see also* Hyden Decl. ¶ 5; Doc. No. 3-3 (RJN) Ex. 2.)

[4] The Court notes Plaintiff's federal claims are premised on Defendant's alleged violations of federal criminal law. (*See* Compl. ¶¶ 28–40.) Similarly, Plaintiff brings two of his state claims under the California Penal Code section 502. (*See id.* ¶¶ 44–49.) Although not necessary to its decision, the Court questions whether these statutes provide any basis for civil liability. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that federal criminal statutes provided no basis for civil suit).

burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). In determining whether venue is proper, the Court may consider facts outside the pleadings probative of the issue of venue. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

If the Court determines venue is improper, it may dismiss the case, or if it is in the interest of justice, the Court may transfer the case to any other district in which it could have been brought. 28 U.S.C. § 1406(a); *Dist. No. 1, Pac. Coast Dist. v. Alaska*, 682 F.2d 797, 799 n.3 (9th Cir. 1982). Ultimately, the decision whether to dismiss or transfer rests in the Court's sound discretion. *See King v. Russell*, 963 F.2d 1301, 1304–05 (9th Cir. 1992).

## ANALYSIS

### 1.      Defendant's Request for Judicial Notice

Defendant moves the Court to take judicial notice of three documents filed in Alameda County Superior Court Case No. VP06290340: (1) an order suspending Plaintiff as trustee of the John and Christy Ryan Family Trust (Ryan Trust) and directing Plaintiff to reimburse the Ryan Trust for losses and attorney's fees; (2) a judgment against Plaintiff in the amount of $939,508.47; and (3) an order appointing Defendant as trustee of the Ryan Trust. (*See* RJN Exs. 1–3.) Although Plaintiff does not directly oppose Defendant's request, Plaintiff contests the veracity and validity of these documents. (*See* Opp'n 8–16.) Nevertheless, the Court finds that each of these documents is properly judicially noticed. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue." (internal quotation marks omitted)). They are matters of public record and Plaintiff does not dispute their authenticity. Accordingly the Court **GRANTS** Defendant's request for judicial notice.

### 2.      Defendant's Motion to Dismiss or, in the Alternative, Transfer

Plaintiff as much as concedes that venue is improper in the Southern District of California. Rather, Plaintiff seeks to lay venue in this District as a "reasonable accommodation for his disability," to wit, post traumatic stress disorder. (Compl. ¶ 14.) Plaintiff complains that "[a]ny other venue would deny [his] participation in the trial and hearings." (*Id.* ¶ 13.) However, it is well established

that Plaintiff "may have his 'day in court' without ever setting foot in a courtroom." *Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 11 (2d Cir. 1995); *see also Utoafili v. Trident Seafoods Corp.*, 2009 WL 6465288, at *6 (N.D. Cal. Oct. 19, 2009) ("Even if is Court were to presume a strong likelihood that Plaintiff would be unable to travel to Washington for trial herself, physical disability alone is generally not sufficient to conclude that a distant venue would effectively deprive a plaintiff of her day in court."); *Hale v. Vacaville Housing Auth.*, 2009 WL 311399, at *1 (N.D. Cal. Feb. 9, 2009) ("[A]lthough Hale states she has a 'disability' and problems understanding the English language, such circumstances do not provide a basis for venue in the Northern District."). Plaintiff has not cited a single controlling authority for the proposition that his disability entitles him to the forum of his choosing without respect to 28 U.S.C. § 1391(b).[5]  Accordingly, the sole question before the Court is whether to dismiss for improper venue or transfer this matter to another district in which it could have been brought.

Transfer is appropriate only if it is in "the interest of justice . . . ." 28 U.S.C. § 1406; *see also Goldawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962). "[T]he interest of justice is not served by allowing a plaintiff [who] committed an obvious error in filing . . . in the wrong court, and thereby imposed substantial unnecessary costs on both the defendant and the judicial system, simply to transfer [his] action to the proper court . . . ." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993). If a plaintiff deliberately chooses an improper forum and "expresse[s] no interest in transfer," a district court does not abuse its discretion if it elects to dismiss instead of transfer. *King*, 963 F.3d at 1304–05; *see also Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983) ("Justice would not have been served by transferring Wood's claims back to a jurisdiction he purposefully sought to avoid through blatant forum shopping.").

Plaintiff deliberately filed this action in the Southern District of California, apparently with knowledge that venue would be improper. (*See* Opp'n 19 ("My request for retaining venue in San Diego is as a reasonable accommodation for my PTSD disability.").) Plaintiff expresses no interest

---

[5]  Plaintiff asserts that "the Americans with Disabilities Act (ADA), the Rehabilitation Act[,] and California Rule [of Court] 1.100 " entitle him to lay venue in the Southern District.  (Opp'n 19–21.)  However, neither the ADA nor the Rehabilitation Act provides a basis for venue, and the California Rules of Court do not bind federal courts.  Accordingly, Plaintiff's reliance on these authorities is misplaced.

in transfer and suggests that he will not participate if this case is transferred to a proper venue. (*See id.* 22 ("The San Diego venue is the only venue that will allow me the opportunity to participate and to prosecute my case . . . .").)  Plaintiff's deliberate choice to file this case in an improper venue has imposed substantial costs on Defendant and the Court, requiring Defendant to bring and the Court to address the instant motion.  Accordingly, the Court finds that transferring this case to a proper venue would not serve the interest of justice.

## CONCLUSION

For the reasons stated, the Court **GRANTS** Defendant's motion to dismiss for improper venue and **DENIES AS MOOT** Defendant's alternative request to transfer for improper venue.

IT IS SO ORDERED.

DATED:  October 18, 2010

_____
Honorable Janis L. Sammartino
United States District Judge