1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  MYKAL S. RYAN, | CASE NO. 10-CV-1092 JLS (WVG) |
| 12                          Plaintiff, | **ORDER: DENYING OBJECTION** |
| 13        vs. | **TO DECISION AND MOTION TO** <br> **CONTINUE PROSECUTION OF** <br> **CASE** |
| 14  TIMOTHY M. HYDEN, | |
| 15                          Defendant. | (ECF No. 18) |

16

17        Presently before the Court is Plaintiff Mykal S. Ryan's "objection to decision and motion to

18 continue prosecution of case," which the Court construes as a motion for reconsideration of its Order

19 granting Defendant's motion to dismiss for improper venue. (Mot. for Recons., ECF No. 18.)  For the

20 following reasons, Plaintiff's motion is **DENIED**.

21        First, Plaintiff's motion is plainly untimely.  Under, Civil Local Rule 7.1(i)(2) "any motion or

22 application for reconsideration must be filed within twenty-eight (28) days after the entry of the ruling,

23 order or judgment sought to be reconsidered."  S.D. Cal. Civ. R. 7.1(i)(2).  The Court granted

24 Defendant's motion to dismiss on October 18, 2010 (Order, Oct. 18, 2010, ECF No. 15), and the Clerk

25 of the Court entered judgment the same day (Clerk's J., ECF No. 16).  Thus, the outside date for

26 Plaintiff to file a motion for reconsideration of the Order and corresponding judgment was November

27 15, 2010.  Instead, Plaintiff filed his motion on May 12, 2011, almost six months too late.

28        Second, even if the Court were to consider the motion on the merits, Plaintiff misunderstands

the basis of the Court's Order.  And as a result, he fails to identify a basis for reconsideration.

Specifically, Plaintiff contends that the Court "made a procedural decision to dismiss for failure to prosecute." (Mot. for Recons. 2.)  But this is incorrect.  The Court dismissed Plaintiff's case because (1) Plaintiff conceded that venue was improper in the Southern District of California, and (2) transferring the case to a proper venue was not in the interests of justice.  (Order 3–5, ECF No. 15.) Plaintiff only briefly addresses the issue of venue in his motion, contending that he is "unable to travel due to [his] Post Traumatic Stress Disorder disability," and therefore, "[t]he legal, logical and reasonable place of venue is San Diego."[1]  (Mot. for Recons. 3.)

Generally, a court will reconsider a decision if a party can show (1) new facts, (2) new law, or (3) clear error in the court's prior decision.  *See, e.g.*, *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Plaintiff raised the argument that venue in the Southern District of California was proper on account of his disability in opposition to Defendant's motion to dismiss, and the Court addressed it in its Order.  (Order 3–4, ECF No. 15.)  Specifically, the Court concluded that Plaintiff's disability did not entitle him to the venue of his choosing without respect to 28 U.S.C. § 1391(b).  (*Id.*)  Plaintiff's motion discloses no new facts, cites no new law, and identifies no clear error that would give the Court reason to reconsider its decision.

Accordingly, Plaintiff's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

DATED:  May 16, 2011

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge

---

[1] Plaintiff also contends that the personal injury that is the subject of his complaint occurred in San Diego, California, where Plaintiff allegedly has resided since 2007. (Mot. for Recons. 2.) This contention is entitled to no weight, however, because Plaintiff's complaint makes clear that the alleged electronic trespass that is the gravamen of this action occurred in York County, Virginia, while Plaintiff was incarcerated there. (Compl. ¶ 21, ECF No. 1.)